IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge John L. Kane

Criminal Action No. **12-cr-323-JLK**

**UNITED STATES OF AMERICA,**

    Plaintiff,

v.

**1.  KOLEN KALANI KAIMANA,**

    Defendant.

---

**ORDER**

---

Kane, J.

This matter is currently before me on the government's Unopposed Motion for a Protective Order for Certain Discovery Materials (doc. 12).  Having reviewed and considered the motion, I make the following findings of fact:

1. The Defendant is charged with a violation of Title 18, United States Code, Section 113 (a) (6), Assault with Serious Bodily Injury, based on an inmate-on-inmate assault that occurred at the United States Penitentiary in Florence, Colorado.

2. In the course of the investigation, inmates other than the Defendant and the alleged victim were interviewed by BOP staff and a Special Agent of the Federal Bureau of Investigation. At this time, the government does not intend to call any of these inmates as witnesses at the trial of this matter, but, in the interests of full disclosure, the

government wishes to provide reports summarizing those interviews to defense counsel in discovery.

3. Disclosure of these summaries jeopardizes the safety of these inmates, and therefore the government seeks a protective order governing the handling and further disclosure of these materials.

4. Discovery in this matter also includes medical records of the alleged victim in this matter, Morris Edward Benais, the production of which raises privacy concerns that the Government also seeks to address through the proposed protective order.

5. Government counsel has spoken to defense counsel about this request. Counsel for Defendant has no objection to this protective order.

Accordingly, the government's motion is GRANTED, and it is hereby ORDERED AS FOLLOWS:

1. The government will provide the inmate interview summaries and the victim's medical records (hereinafter referred to as "records") to defense counsel on one separate disc identified as being subject to this protective order. Defense counsel shall keep these records and any notes or other materials prepared based upon or referring to information in these records in confidence and shall use them exclusively in connection with this case (including trial preparation, trial, and appeals or other related legal proceedings) and for no other purpose.

2. These records may be viewed only by defense counsel, Defendant, and members of the defense team, including any defense investigators and staff, as are necessary for the purposes of preparing a defense in this particular case, and, with respect

to staff personnel, the records may only be viewed by necessary staff while they are operating under the direct supervision and control of defense counsel. Defense counsel shall ensure that all persons in his office, who are to handle such information, read this Order and are informed of their responsibility to safeguard this information.

3. Defense counsel shall make only such copies as are necessary to prepare a defense of this criminal case. Defense counsel shall keep a written record concerning how many copies were made, to whom those copies were delivered, and the dates of delivery. Defense counsel shall also deliver a copy of this order with the records. No person other than defense counsel shall make any copy of these records for any purpose whatsoever.

4. No copies of these records shall be provided to Defendant under any circumstances without petition to and further order of the Court. Defendant may be allowed to view the records, but only while in the direct presence of the defense counsel.

5. A copy of this Order shall be kept with the records at all times.

6. To the extent that the Privacy Act may be asserted as a basis for withholding certain documents or portions of documents requested by Defendant, the United States Department of Justice and its agents or representatives are authorized to produce the requested documents because the information contained therein is relevant to the subject matter involved in the pending action or appears reasonably calculated to lead to the discovery of admissible evidence, and Defendant's need for disclosure of such records outweighs the Privacy Act's concerns against disclosure so long as these appropriate protective measures are taken.

7. At the conclusion of the case in this Court, by entry of the Court's judgment, defense counsel within ten days shall collect all such copies and return them to the Government.

Dated: August 9, 2012

BY THE COURT:

**/s/ John L. Kane**
Senior U.S. District Court Judge